**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

Kathy L. Peterson,

      Plaintiff,

v.

Focus on the Family,
a California nonprofit corporation,

      Defendant.

_____

**COMPLAINT**
_____

      The Plaintiff, Kathy L. Peterson, for her Complaint against the Defendant alleges

the following:

**Introduction**

1.     This is an action for sex discrimination brought on behalf of the Plaintiff to

remedy violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

and the Equal Pay Act, 29 U.S.C.§ 206(d).

**Jurisdiction and Venue**

2.     The Court has jurisdiction over the subject matter of this civil action pursuant to

28 U.S.C. § 1331.

3.     Venue is proper in the United States District Court for the District of Colorado

pursuant to 28 U.S.C. § 1391 because all of the acts or omissions giving rise to this

1

cause of action took place in this judicial district.

## Exhaustion of Administrative Remedies

4.      Kathy L. Peterson filed a charge of discrimination with the United States Equal Employment Opportunity Commission in Denver, Colorado alleging sex discrimination on November 29, 2017.

5.      The Plaintiff received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission on or about June 4, 2018 and files this action within 90 days of receiving her Notice of Right to Sue.

## Parties

6.      Kathy L. Peterson is a female.

7.      Kathy L. Peterson was employed by the Defendant, Focus on the Family, for more than twenty years.

8.      In 2017 she was employed by Focus on the Family as the Operations Manager, Printing & Mailing.

9.      Focus on the Family is a California nonprofit corporation.

10.     Focus on the Family is an employer within the meaning of 42 U.S.C. § 2000(e)(b) employing more than fifteen employees and engaging in an industry affecting commerce.

11.     Focus on the Family, at times relevant to the Complaint, had gross receipts in excess of $500,000.00 and was engaged in interstate commerce.

12.     Focus on the Family's principal place of business is 8605 Explorer Drive

Colorado Springs, CO 80920.

## General Allegations

13.     Paragraphs 1 through 12 are incorporated herein by reference.

14.     Plaintiff's job duties as Operations Manager, Printing & Mailing were to manage a large printing, mailing, shipping and receiving operation.  Plaintiff managed between 14 and 30 full time employees and at times 8-10 temporary employees who produced and mailed over 5 million items per year.

15.     For many years Plaintiff's job performance as Operations Manager, Printing & Mailing was rated by Focus on the Family, in every rated category of performance, to be above average.

16.     Plaintiff achieved ratings of "Accomplished Contributor" or "Exceeds Expectations" (depending on which appraisal form was used) in every category for at least the final ten years of her employment with Focus on the Family.

17.     Plaintiff was able to achieve high quality performance by her department, even when faced with reduced resources, by working extraordinarily long hours for Focus on the Family.

18.     During the final years of her employment Plaintiff consistently worked fifty (50) hours a week and often worked as many as sixty-five (65) hours per week in order to manage her department.

19.     Male managers earning similar salaries were not required to work a similar number of hours to succeed in their management positions for Focus on the Family.

20.    The work/life balance and particularly the family life of male managers was respected by Focus on the Family.

21.    The work/life balance of Kathy L. Peterson and particularly the family life of Kathy L. Peterson was not respected by Focus on the Family because of her sex.

22.    For years Plaintiff asked for help (additional staff) to assist her so that she could spend more time with her family.  Her requests were denied.

23.    In February 2017 Defendant posted a new position for a Manager, In Plant & Warehouse Services.

24.    The job duties required to be performed for the new position of Manager, In Plant & Warehouse Services were the job duties which Plaintiff had been performing as Operations Manager, Printing & Mailing.

25.    Upon information and belief Keith Karr, Business Intelligence Services Manager, reworded the job duties contained in Plaintiff's job description for the new posted position to make it appear as though the newly posted position was different than the position Plaintiff had been performing for years.  For example, the job duty described as "Establishes short and long-term objectives and goals for the department" on Plaintiff's job description was described as "Is responsible for the long term strategic planning for the departmental and cross-departmental goals (end to end) "and "Establishes near term and long range objectives and goals for the department."

26.    Upon information and belief Keith Karr added a job duty "Has in-depth knowledge of all departmental software, hardware, and systems utilized in-house and for the

remote phone workers, including PC, network, and telecom systems" which would allow him to hire a male manager to replace the Plaintiff.

27.     Having an in depth knowledge of all software was not necessary in order to manage the In House Services Department.  The departmental software, hardware, and systems were effectively maintained by an employee of the Department.

28.     Shortly after the position of Manager, In Plant & Warehouse Services was posted by Focus on the Family, Keith Karr, Business Intelligence Services Manager, called a meeting of the employees of the In House Services Department.

29.     At the meeting Mr. Karr stated that Plaintiff had been performing the work of five positions and that her job was going to be split up into five separate positions including a manager position, a scheduler position, a Customer Service Representative and two staff lead positions.

30.     Mr. Karr stated to the employees of Plaintiff's department that all employees would be required to reapply for their positions.

31.     After Mr. Karr announced that all employees would be required to reapply for their positions, Plaintiff promptly applied for the newly posted manager position.

32.     Plaintiff was qualified by experience to perform all job functions of the newly posted manager position.

33.     After Plaintiff applied for the new manager position she learned from employees in her department that the first round of interviews for the new manager position had been completed by Mr. Karr and that she had not been given an interview.

34.     Plaintiff also learned from other employees in the department that they had been invited to participate as interviewers of applicants for the new manager's position.

35.     Plaintiff complained to the Human Resources department of Focus on the Family because she had not been granted an interview for the new manager position by Mr. Karr.

36.     After complaining to the Human Resources department, Plaintiff was granted an interview with Mr. Karr.

37.     Plaintiff was not granted an interview with the panel which had interviewed the other candidates for the position.

38.     When Plaintiff arrived for the interview with Keith Karr she was told by Mr. Karr that she would be interviewing for both the manager and scheduler positions.

39.     Plaintiff had prepared for an interview for the manager position.  Plaintiff told Keith Karr that she did not believe that it was fair to interview her for two different positions in one interview.

40.     Plaintiff's interview with Mr. Karr was brief and she could tell from his lack of attention that he was not interested in hiring her for the "new" manager position.

41.     Upon information and belief the male who interviewed and was hired for the manager position was not required to interview for both the manager and scheduler positions.

42.     Plaintiff was not hired for the new position of Manager, In Plant & Warehouse Services.

43.     A male, David Harris, was hired by Focus on the Family for the new position of Manager, In Plant & Warehouse Services.

44.     Plaintiff had equal or greater relevant qualifications for the new manager position than David Harris.

45.     Plaintiff was offered a position in the department as a scheduler at a rate of pay of $14.00 less per hour than she had been earning as a manager.

46.     Focus on the Family, acting through Keith Karr, used a scheme of reorganizing the department and "eliminating" Plaintiff's position as the Operations Manager, Printing & Mailing and creating a new manager position, Manager, In Plant & Warehouse Services, in order to replace Plaintiff with a male and discriminate against Plaintiff because of her sex.

47.     Focus on the Family discriminated against Plaintiff because of her sex by:

   a.   Failing to hire her for the position of Manager In Plant & Warehouse Services,

   b.   Demoting her from the position of Operations Manager, Printing and Mailing by the pretext of eliminating her position.

   c.   Eliminating her position as Operations Manager, Printing & Mailing so that Focus on the Family could retitle the position and reduce its job duties and hire a male manager to perform the job duties of Operations Manager, Printing & Mailing.

48.     The job duties of the new male manager were structured (reduced) by Focus on the Family in order to make the new manager position a forty (40) hour per week position.

49.     Focus on the Family supported the new male manager by purchasing equipment for the department which Plaintiff had been asking Focus on the Family to purchase for her department for years.

50.     Focus on the Family provided the new male manager with additional employees to assist him in performing his job as Manager, In Plant & Warehouse Services.  For example he was provided an additional employee, a scheduler, to assist him.  Plaintiff had requested additional staff and equipment for years and her requests were denied by Focus on the Family.

51.     Plaintiff has suffered damages as the result of Focus on the Family's actions as described above, including monetary damages and emotional distress.

**First Claim For Relief -Discrimination under Title VII, 2000e-2(a)(1) & (m)**

52.     Paragraphs 1 through 51 are incorporated herein by reference.

52.     Plaintiff's sex was a motivating factor in the decision of Focus on the Family to remove her from a management position and replace her with a male under the pretext of reorganization and position elimination.

53.     Plaintiff was removed from her management position and demoted because of her sex.

54.     A motivating factor in the assignment of an unreasonable amount of work to the Plaintiff by Focus on the Family was because of her sex.

**Second Claim for Relief, Violation of Equal Pay Act,
29 U.S.C. § 206 (d)**

55.     Paragraphs 1 through 54 are incorporated herein by reference.

56.     Upon information and belief Focus on the Family paid the Plaintiff wages at rates less than it has paid males, including David Harris, in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

57.     By the foregoing actions Focus on the Family has violated Section 6(d) of the federal Fair Labor Standards Act.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for the following relief:

a.     A preliminary and permanent injunction barring the Defendant from paying females at rates less than males for performing equal work on jobs the performance of which requires equal skill effort and responsibility.

b.     An order requiring the Defendant to pay to the Plaintiff an amount equal to the difference between her pay and the amount paid to David Harris.

c.     An order requiring the Defendant to pay to the Plaintiff her costs and attorney's fees.

d.     An order requiring the Defendant to pay to the Plaintiff, back pay and front pay as may be appropriate.

9

e.  Payment for loss of overtime pay, extra duty pay, regular pay increase, including consequential damages.

f.  Damages for humiliation and emotional distress.

g.  Pre- and post-judgment at the highest rate.

h.  All other legal or equitable relief to which Plaintiffs are entitled.

**Jury Demand**

Plaintiff requests a jury trial on all matters triable to a jury.

Respectfully submitted this 23rd day of July, 2018.

CORNISH & DELL'OLIO, P.C.


s/Donna Dell'Olio
Donna Dell'Olio, # 10887
 Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
(719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
Attorneys for Plaintiff


Plaintiff's address:
650 E. LaSalle Street
Colorado Springs, CO 80907